UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILFREDO ROMERO URBANA,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No. 1:26-cv-02812-DAD-CKD

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On April 13, 2026, petitioner Wilfredo Romero Urbana, A-File No. 221-492-227, proceeding with counsel, filed a petition for writ of habeas of corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order seeking his immediate release.  (Doc. Nos. 1, 2.)  On April 15, 2026, the court issued an order directing respondents to file a written opposition to that motion and directed respondents to also indicate whether this case is distinguishable from the circumstances addressed in the court's prior orders in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D.

/////

1

Cal. Mar. 20, 2026), and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026).  (Doc. No. 6.)

On April 15, 2026, respondents filed their opposition to the pending motion.  (Doc. No. 7.)  Therein, respondents concede that, "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.* at 1.)  Respondents further state that they do not oppose the court converting petitioner's motion for temporary restraining order into a motion for preliminary injunction, and that if the court is inclined to grant a preliminary injunction, judicial economy counsels that the court should enter judgement on the merits of the petition based upon the present briefing.  (*Id.*)  On April 20, 2026, petitioner filed a reply in support of his motion for temporary restraining order.  (Doc. No. 9.)

Petitioner alleges that he entered the United States in 2004 and has continuously resided in the United States since he entered. (Doc. No. 1 at 18.)  Petitioner further alleges that he does not have a criminal record. (*Id.*)  Petitioner was detained by immigration officials on January 30, 2026. (*Id.*)  Having considered the circumstances surrounding petitioner's detention, the court adopts the reasoning set forth in *Quichimbo-Jimenez*, 2026 WL 679378 at *1–2 and concludes that petitioner cannot be detained pursuant to § 1225(b) but only pursuant to § 1226(a). Furthermore, as the court concluded in *J.P.C.* and *Cardenas* the appropriate remedy under the circumstances is to order petitioner's immediate release from respondent's custody.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.    Respondent is ORDERED to immediately release petitioner Wilfredo Romero Urbana, A-File No. 221-492-227, from respondent's custody;

   b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

*/////*

2

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3.      The Clerk of the Court is directed to serve the Mesa Verde Detention Center with a copy of this order; and

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 21, 2026**                     *Dale A. Drozd*

DALE A. DROZD
UNITED STATES DISTRICT JUDGE